IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| GERALD E. HATCHER, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ACADEMY SPORTS & OUTDOORS, ) <br> ) <br> Defendant. ) | Case No. 20-03365-CV-MDH |

## ORDER

Before the Court is Defendant's Motion to Dismiss or, in the alternative, Motion to Make More Definite and Certain. Defendant's Motion to Make More Definite is **SUSTAINED**. Plaintiff brings this action under Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act of 1990 ("ADA"), other unspecified federal law, and the Missouri Human Rights Act. (Doc. 1-2 at 3-4). Plaintiff claims that the discriminatory conduct occurred on January 25, 2019, and includes termination of employment, failure to accommodate disability, unequal terms and conditions of employment, and retaliation. (Doc. 1-2 at 5). In terms of the bases for discrimination, Plaintiff noted only disability or perceived disability. (Doc. #1-2 at 6). Plaintiff did not set out an independent statement of his claims, but instead referred the Court to the administrative process paperwork attached to the Complaint. (Doc. 1-2 at 6). In his Charge of Discrimination before the Missouri Commission on Human Rights, Plaintiff alleged that he told his employer in December of 2018 that he needed to go on medical leave due to a disability but had not worked for the employer long enough to qualify for Family and Medical Leave Act. (Doc. #1-3 at 4). Plaintiff obtained a note from his doctor regarding his medical leave, and the employer called the doctor to inquire further. (Doc. 1-3 at 4). The employer further questioned Plaintiff as to the medical reason. (Doc. 1-3 at 4). The day after Plaintiff returned from medical leave, Plaintiff was two-and-a-half

hours late for work and called his employer to inform them that he was late due to his disability. (Doc. 1-3 at 4). He was told to come into work and that he would be deducted two points. (Doc. 1-3 at 4). Plaintiff returned to work as instructed and worked the rest of the shift. (Doc. 1-3 at 4). The next day the manager informed Plaintiff that 8 points would be deducted, and he was being discharged. (Doc. 1-3 at 4).

To successfully assert a claim under the ADA, a "claimant must show that he was a 'qualified individual' who suffered 'discrimination' that was based on a 'disability' as each of 4those terms is defined by the Act." Morriss v. BNSF Ry. Co., 817 F.3d 1104, 1107 (8th Cir. 2016). "The term 'qualified individual' means an individual who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. § 12111. Disability, as defined by 42 U.S.C. § 12102, means "(A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102.

Plaintiff's Amended Complaint (Doc. 9) fails to sufficiently set forth what claims Plaintiff is pursuing, whether or not he is entitled to pursue those claims under the applicable body of law, the nature and extent of any alleged discrimination, and whether or not Plaintiff exhausted his administrative remedies by presenting the alleged discriminatory conduct to the proper administrative body prior to filing the present lawsuit. Plaintiff is therefore **ORDERED** to file a second amended complaint within thirty days to address these deficiencies. Failure to file a second amended complaint within thirty days will result in the dismissal of this case.

**IT IS SO ORDERED.**

Dated: June 2, 2021                                     /s/ Douglas Harpool
                                                        **DOUGLAS HARPOOL**
                                                        **United States District Judge**